IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWAYNE STEPHEN COMMOCK,

   Plaintiff,

   v.

LT. BUNN,

   Defendant.

Civil Action No.: ELH-23-1088

**MEMORANDUM OPINION**

Plaintiff Dwayne Stephen Commock is a Maryland prisoner confined at North Branch Correctional Institution. Pursuant to 42 U.S.C. § 1983, Commock filed suit against defendant Lt. W. Bunn, claiming he used excessive force against plaintiff while he was housed at Jessup Correctional Institution ("JCI"), in violation of the Eighth Amendment. ECF 1.[1]

On December 15, 2023, the Court dismissed the Complaint against Bunn in his official capacity but otherwise denied his motion to dismiss. ECF 15. Bunn was directed to respond to the Complaint. *Id.* On January 10, 2024, he moved to dismiss, asserting that the Complaint fails to state a claim for relief. ECF 16. It is supported by a memorandum (ECF 16-1) (collectively, the "Motion") and exhibits.

Commock was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of his right to respond and that his failure to file an opposition to Bunn's Motion could result in dismissal of the complaint. ECF 17. To date, Commock has not filed a response.

---

[1] Plaintiff also sued JCI. ECF 1. However, I previously dismissed the suit against JCI. *See* ECF 3.

Upon review of the Motion and applicable law, the Court deems a hearing unnecessary. *See* Local Rule 105.6. (D. Md. 2023).  For reasons that follow, I will deny Bunn's Motion.

## I.     Allegations

In the Memorandum Opinion issued December 15, 2023 (ECF 14), I summarized the factual background of the case and Commock's allegations.  I said, *id.* at 2:

> Commock alleges that on the evening of January 13, 2023, while he was housed at JCI, he was maced in his cell and then Lt. Bunn made an illegal cell extraction in cell 620 in Building B.  ECF 1 at 4, 5.  Commock states that while the power was out he was handcuffed and then assaulted by Bunn, who punched him in his head. *Id.*  He states that he needed pain medication following the incident and that the mace made him "really sick." *Id.*  Commock seeks $1,000,000 in damages. *Id.*

Furthermore, Commock's claim was the subject of an ongoing Intelligence and Investigative Division ("IID") investigation.  *Id.* at 18.  Therefore, he was unable to exhaust administrative remedies.  *Id.*

## II.     Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6).  *Nadendla v. WakeMed*, 24 F.4th 299, 304–05 (4th Cir. 2022); *Fessler v. Int'l Bus. Machines Corp.*, 959 F.3d 146, 152 (4th Cir. 2020); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom., McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). *See Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . ."); *see also Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317–18 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Fed. R. Civ. P. 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th

Cir. 2011)); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cnty., VA*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In connection with a Rule 12(b)(6) motion, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted); *see Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (emphasis in *Goodman*) (quoting *Forst,* 4 F.3d at 250).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*,

780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours and Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed v. Town of Gilbert*, 576 U.S. 155 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167. "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id.* Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity."  *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, 583 U.S. 1044, 138 S. Ct. 558 (2017); *U.S. ex rel. Oberg*, 745 F.3d at 136; *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012).  To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).  *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Because Commock is self-represented, his submissions are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *accord Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013).  But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

6

### III.   Discussion

Bunn seeks dismissal under Federal Rule of Civil Procedure 12(b)(6).  ECF 16.  He argues that Commock has failed to state a claim for relief, asserting that the Complaint contains only conclusory allegations.  ECF 16-1 at 3.  Bunn points to Commock's allegation that he was "assaulted" during a cell extraction as insufficiently to constitute an Eighth Amendment claim. *Id.*; *see* ECF 1 at 5.  Bunn ignores Commock's detailed complaints that he was maced and punched in the face by Bunn while he was handcuffed.  ECF 1 at 4, 5.  Regardless, Bunn argues that his use of mace was justified, citing as evidence the administrative grievance ("ARP") Commock filed regarding the incident.

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const. amend. VIII; *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016).  Notably, it "proscribes more than physically barbarous punishments." *Estelle*, 429 U.S. at 103.  It also "embodies" the "'concepts of dignity, civilized standards, humanity, and decency . . .'"  *Id.* (citation omitted).  Thus, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned."  *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *cf. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989) (stating that when a state holds a person "against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being"); *Doe 4 v. Shenandoah Valley Juv. Ctr. Comm'n*, 985 F.3d 327, 338–39 (4th Cir. 2021).

The Fourth Circuit has observed that "not all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v.*

*Commonwealth of Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319–20 (1986)).

"In assessing a claim of excessive force, courts ask 'whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them.'" *Lombardo v. City of St. Louis, Missouri*, 594 U.S. 464, 466 (2021) (per curiam) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989) (some internal quotation marks omitted)); *see also Kingsley v. Hendrickson*, 576 U.S. 389 (2015). Notably, "the inquiry 'requires careful attention to the facts and circumstances of each particular case.'" *Lombardo*, 594 U.S. at 467 (quoting *Graham*, 490 U.S. at 396).

An Eighth Amendment deliberate indifference claim is analyzed under a two-pronged test: "(1) the prisoner must be exposed to 'a substantial risk of serious harm,' and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety." *Thompson*, 878 F.3d at 97–98 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994)); *see Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 209 (4th Cir. 2017). The Fourth Circuit has characterized this standard as an "exacting" one. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).

A prisoner's Eighth Amendment claim of use of excessive force involves both an objective and a subjective component. *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019); *see Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023); *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021). The objective component asks whether the plaintiff was exposed to an objectively "substantial risk of serious harm." *Farmer*, 511 U.S. at 834. But, this "is not a high bar, requiring only something more than '*de minimis*' force." *Brooks*, 924 F.3d at 112 (quoting *Hudson v. McMillian*, 503 U.S. 1, 10 (1992)); *see also Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (per curiam). The subjective component asks whether the officer "'acted with a sufficiently culpable state of mind.'" *Brooks*,

8

924 F.3d at 112 (citation omitted). In other words, did the officer recognize the risk but ignore it. *Younger*, 79 F.4th at 382; *see Moss*, 19 F.4th at 624. Notably, "this is a demanding standard . . . ." *Brooks*, 924 F.3d at 112.

The state of mind is one of "wantonness in the infliction of pain." *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008). Whether the force used by a prison official was wanton is determined by inquiring if the "'force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Hudson*, 503 U.S. at 6 (citation omitted; some quotation marks omitted). Several factors are pertinent. The court must consider the need for the application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made by prison officials to temper the severity of their response. *Lombardo*, 594 U.S. at 467; *Kingsley*, 576 U.S. at 397; *Whitley*, 475 U.S. at 321.

At this juncture, the Court generally cannot consider materials outside of the pleadings. The ARP and related documents, which were attached as exhibits to Bunn's motion to dismiss, cannot be considered on a motion to dismiss. The information in the exhibits is not integral to the Complaint; Bunn relies on them for his defense. *See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011).

Liberally construing the allegations in the Complaint, as I must, Commock alleges that during a cell extraction, while he was restrained in handcuffs and for no reason, Bunn maced and punched him in the head. ECF 1 at 4. Further, plaintiff asserts that the cell extraction itself was improper. *Id.* at 5. These allegations support a claim for use of excessive force, in violation of the Eighth Amendment.

## IV.  Conclusion

For the foregoing reasons, I shall deny Bunn's motion to dismiss.  As this case shall proceed to discovery, counsel shall be appointed for Commock.  A separate Order follows.


<u>June 4, 2024</u>                                              <u>/s/                                            </u>
Date                                                                Ellen L. Hollander
                                                                        United States District Judge